SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon Michael Clark, | No. CV 06-0085-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff, Shannon Michael Clark, who is confined in the Arizona State Prison Complex-Tucson, filed this civil rights action against various officials of the Arizona Department of Corrections (ADC). Plaintiff, who has been diagnosed with hepatitis C, moves for a Temporary Restraining Order and a Preliminary Injunction asking the Court for an order directing Defendants to take Plaintiff to an independent hepatologist, at state expense, and to carry out and strictly follow that independent professional's orders. (Doc. #36.) Defendants responded, and Plaintiff replied. (Doc. ##40, 48.) By Order dated July 17, 2007, the Court ordered Defendants to show cause why the Court should not order Defendants to take Plaintiff to an independent hepatologist for evaluation. Defendants responded, and Plaintiff replied. (Doc. #90, 92.)

Having considered all documents submitted by the parties, the Court will deny the motion.

## I. Background

In his Amended Complaint, Plaintiff brought three counts for relief regarding the alleged denial of medical care for Plaintiff's hepatitis C and alleged denial of dental care. The Court dismissed Count II and ordered Defendants to answer Counts I and III. (Doc. #12.) The relief sought in the motion for temporary restraining order and preliminary injunction involves only the claims in Count I.

In Count I, Plaintiff alleged that Defendants violated his Eighth Amendment rights by refusing to allow him a consultation with a liver specialist and refusing to begin treatment for his hepatitis C. In his Preliminary Injunction Motion, Plaintiff asks the Court to order Defendants to take Plaintiff to an independent hepatologist and to follow the professional's orders regarding Plaintiff's medical condition (Doc. #36 at 7) or, in the Court's discretion, to order Defendants to begin Plaintiff's drug therapy (Doc. #48 at 2).[1]

After reviewing the parties' initial filings, the Court found the following facts to be undisputed: (1) Plaintiff has a chronic progressive disease, (2) Plaintiff's April 2005 liver biopsy showed that he was at Stage 3 and showed the presence of "possible early cirrhosis;" (3) the disease requires drug therapy, and (4) there was at least a two-year delay between the biopsy and the actual provision of drug therapy. Plaintiff alleged that he was experiencing fatigue and joint pain during this time; Defendants did not contend that this was unrelated to the disease. The Court noted that the ADC hepatitis protocol either provides no time frames for provision of treatment following diagnosis and the liver biopsy or Defendants did not provide that information to the Court. It was not clear from Defendants' response whether the two-year-old liver biopsy, which showed possible cirrhosis even then, was medically adequate to determine the appropriate course of treatment. It was also not clear whether Plaintiff received medically appropriate treatment for his symptoms while awaiting treatment and how that might affect his need for further medical assessment.

---

[1] After Plaintiff filed his Motion, Defendants began the drug therapy treatment for his hepatitis C.

- 2 -

1    Because Defendants did not directly address Plaintiff's request to see a hepatologist,
2 the Court was unable to determine the need for such relief on the record then before it. The
3 Court directed Defendants to Show Cause why the Court should not order Defendants to send
4 Plaintiff to a hepatologist at Defendants' expense.

**II.    Temporary Restraining Order and Preliminary Injunction**

**A.    Legal Standard**

A preliminary injunction[2] is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success on the underlying claim and possible irreparable injury. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*); Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005); Pratt v. Rowland, 65 F.3d 802, 805 (9th Cir. 1995). Alternately, a party may show that serious questions going to the merits were raised and the balance of hardships tips sharply in his favor. Warsoldier, 418 F.3d at 994. These two alternatives are extremes of a single continuum, rather than two separate tests. Nike, Inc. v. McCarthy, 379 F.3d 576, 580 (9th Cir. 2004). Thus, the greater the relative hardship to the moving party, the less probability of success must be shown. Id. (citing Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999)). Under either test, the movant bears the burden of persuasion, Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 869 (9th Cir. 2003), and must *demonstrate* a significant threat of irreparable injury. AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

**B.    Parties' Contentions**

Defendants respond to the Order to Show Cause by stating that Plaintiff has begun his drug therapy treatment, his progress is being monitored, and Plaintiff's case was reviewed by a liver specialist who agrees that the treatment Plaintiff is receiving is appropriate and should be continued. (Doc. #90 at 2.) Plaintiff objects to the Defendants' response because there is

---

[2] A party seeking a temporary restraining order must meet the same standard as a party seeking a preliminary injunction. Hawai'i County Green Party v. Clinton, 980 F. Supp. 1160, 1163-64 (D. Haw. 1997).

- 3 -

no affidavit by a treating physician, the liver specialist is not "independent," there is no affidavit from the liver specialist, and Defendants' evidence is hearsay. (Doc. #92 at 2, 5.)

### C. Analysis--Irreparable Harm

Although a court may find irreparable harm where the movant's health is in imminent danger, see Al-Joudi v. Bush, 406 F. Supp.2d 13, 20 (D.D.C. 2005), mere "[s]peculative injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction." Caribbean Marine Services Co., Inc. v. Baldrige, 844 F. 2d 668, 674-675 (9th Cir. 1988). To meet the "irreparable harm" requirement, a Plaintiff must do more than merely allege imminent harm; he must demonstrate it. Id. at 674. Compare with Wilson v. Group Hospitalization and Medical Services, Inc., 791 F. Supp. 309, 313, 313-14 (D.D.C. 1992) (finding irreparable harm where the record contained evidence regarding a particular treatment for breast cancer and it was uncontroverted that without the chemotherapy treatment, the plaintiff would have died within months). In determining the eligibility for an injunction, the parties and the court may rely on developments that post-date the pleadings and pre-trial motions. See Farmer v. Brennan, 511 U.S. 825, 846 (1994).

In support of their response, Defendants submit the affidavit of Dr. Michael Hegmann, a licensed physician and Program Manager of the Health Services Bureau at the ADC Central Office. (Doc. #90, Ex. A, Hegmann Aff. ¶ 1.) Dr. Hegmann asserts that Plaintiff received baseline lab draws on March 21, 2007 and that drug therapy began on March 22, 2007. (Hegmann Aff. ¶¶ 13, 14.) He attests to various follow-up tests, doctor and nurse visits, and doctor reviews of Plaintiff's chart. (Id. ¶¶ 14-35.) He also asserts that Plaintiff's case has been reviewed by a liver specialist.

> Because Clark has also tested positive for the hepatitis B virus, his case was assessed by a liver specialist under contract with ADC to determine the efficacy of the Ribavirin-Interferon treatment for him. The doctor reviewed Clark's records and test results; he concurred with the treatment regimen and recommended continuing the therapy. He indicated that he did not need to physically examine Clark. As confirmed by the liver specialist, Clark's hepatitis B virus has not negatively influenced his drug therapy and he is responding well.

(Id. ¶ 36.) Finally, Dr. Hegmann asserts that the plan at this time is to continue Plaintiff's drug therapy treatment for the full course. (Id.)

- 4 -

1  Plaintiff objects to the Defendants' response because there is no affidavit by a treating
2 physician and he claims that Dr. Hegmann's affidavit is unsupported. (Doc. #92 at 3.) In
3 fact, Dr. Hegmann avows that he is licensed to practice medicine and that he has reviewed the
4 relevant records. (Doc. #90 1, 3.) Plaintiff makes much of the fact that Defendants did not
5 submit an affidavit from his treating physician, as the Court directed. But Plaintiff's case has
6 now been reviewed by a liver specialist, which is what Plaintiff requested, and the liver
7 specialist agreed with the course of treatment. Furthermore, although Plaintiff is correct that
8 the statements of Dr. Hegmann regarding the opinion of the liver specialist are hearsay, it is
9 within the Court's discretion to accept hearsay for the purposes of deciding whether to issue
10 a preliminary injunction. See Republic of the Philippines v. Marcos, 862 F. 2d 1355, 1363
11 (9th Cir. 1988). The Court accepts the affidavit of ADC's Program Manager for Health
12 Services regarding review of Plaintiff's case by a liver specialist. Plaintiff also objects that
13 the liver specialist is not "independent;" Plaintiff argues that the liver specialist is an
14 employee of ADC. In fact, it appears that the specialist is under contract with ADC. More
15 important, although Plaintiff is entitled to adequate medical care, an inmate has no
16 independent constitutional right to outside medical care additional and supplemental to
17 medical care provided by staff within the prison. Roberts v. Spalding, 783 F.2d 867, 870-71
18 (9th Cir. 1986); see Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).

19  Finally, Plaintiff argues that his enzyme levels and complications from hepatitis B
20 indicate "the need for him to be under the care of a hepatologist." (Doc. #92 at 5.) But Dr.
21 Hegmann attests that the liver specialist concurs with the current course of treatment and
22 further that the specialist indicated that he did not need to physically examine Plaintiff.
23 Plaintiff's assertion that he needs to be under the care of a hepatologist is speculation and also
24 appears to be beyond the scope of his original request to have a liver specialist "evaluate
25 [Plaintiff's] condition and the proper course of treatment." (Doc. #36 at 4.) The Court finds

26
27
28

that Plaintiff has not demonstrated that he will suffer irreparable harm if he is not under the ongoing care of a liver specialist.[3]

Because Plaintiff is now receiving drug therapy treatment for his hepatitis C and his case has been evaluated by a liver specialist who is satisfied with the present course of treatment, the Court finds that Plaintiff has received the relief sought in the motion for a preliminary injunction and temporary restraining order. Alternatively, Plaintiff has failed to meet his burden to show irreparable harm if he is not referred to an independent liver specialist for ongoing treatment. The Court therefore denies the motion.[4]

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. #36) is **denied**.[5]

---

[3] This finding does not preclude Plaintiff from demonstrating injury as a result of Defendants' alleged deliberate indifference.

[4] Plaintiff's "motion for court order" (Doc. #83) to produce documents pertaining to the Order to Show Cause is denied.

[5] The Court notes that Plaintiff has filed some miscellaneous motions that the Court will briefly address. Plaintiff has moved for a default judgment against Defendant Marilyn Wand, and Defendant responded and filed an Answer (Doc. #46). The Court finds that Defendant Wand's failure to plead was technical, Plaintiff is not prejudiced and entry of a default would result in an injustice. See Carwile v. Ray, 481 F.Supp. 33, 35 (E.D. Wa. 1979). The Court will **deny** the motion (Doc. #46). Plaintiff also filed a motion to seal the case and all exhibits because the case contains medical, dental, and mental health records (Doc. #58). "Historically, courts have recognized a 'general right to inspect . . . public records and documents, including judicial records and documents.'" Kamakana v. City and County of Honolulu, 447 F. 3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc. 435 U.S. 589, 597 n. 7 (1978)). Although a narrow range of documents is not subject to the right of public access, unless a court record is one that is traditionally kept secret, there is a strong presumption in favor of access. Kamakana, 447 F. 3d at 1178 (citing Foltz v. State Farm Mutual Auto Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). A party asking to seal a judicial record must meet the "compelling reasons" standard. Kamakana, 447 F. 3d at 1178. Generally, compelling reasons exist when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. at 1179 (quoting Nixon, 435 U.S. at 598). That production of records may lead to a litigant's embarrassment is not sufficient to compel a court to seal its records. Kamakana, 447 F. 3d at 1178. Here, Plaintiff has not offered compelling reasons to seal the records sufficient to overcome the public's interest in keeping the records open. Moreover, Plaintiff put his medical condition at issue when he filed the case. The Court will **deny** the motion (Doc. #58). Plaintiff has submitted a "motion for order to show cause" (Doc. #76)

1
2      DATED this 19th day of September, 2007.
3
4
5
6                                           FRANK R. ZAPATA
7                                           United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
   alleging that Defendants have submitted improper evidence in this case. As the Court has previously
24 addressed the efficacy of the evidence submitted by Defendants pertaining to the dispositive motions
   and injunctive relief (Doc. #'s 80, 91), Plaintiff's motion (Doc. #76) is **denied**. Lastly, the Court
25 notes that Plaintiff has asked the Court to withdraw (Doc. #82) his previously filed motion to amend
26 his complaint (Doc. #35). As the request to withdraw (Doc. #82) is **granted**, the previously filed
   motion to amend (Doc. #35) is **denied as moot**. The Court will issue a subsequent Order addressing
27 other pending motions.
28

- 7 -